is to be taken as the sum due; or if not, who is to choose between them? If the right exists in the county commissioners or any other person, to have a review of every assessment of damages for roads, it is to be feared that it would degenerate into a source of great expense and litigation in the different counties, and the object of the law, which is to have these damages speedily adjusted, and paid over, would be in a great measure defeated. An adequate remedy is given to all parties interested by the power possessed by the court to disapprove and set aside the assessment for any impropriety in the jury or defect in the proceedings, and to award another view in lieu of the former. On carefully examining, however, the whole of the provisions of this act, I am satisfied that the right to a review does not extend to the case of assessment of damages. In the first place, the act of the jury in these cases is not so much that of viewers, (though they are directed to view the premises, and are frequently termed viewers,) as that of assessors of damages, which is the great object of their appointment and their main business. And in the 80th section of the act this distinction is apparent, where it speaks of "all cases of view, review, or assessment of damages." But, what is still stronger, the 54th section provides for the expense both of views and reviews of roads, whether public or private; and the 55th section provides for the expense of a view to assess damages occasioned by a public or private road, but says nothing of the expense of a review for that purpose, which it is not to be supposed would have occurred had such a thing been intended. There is, therefore, as the law stands, no provision for paying the expense of such review. Considering these circumstances, and the manifest uselessness as well as the inconveniences of such a proceeding, we think the court below were right in refusing to grant a review, or rather a second assessment of damages.

Proceedings confirmed.

## Mann *against* Bower.

A justice of the peace has not jurisdiction of a suit by one joint owner of a chose in action against the other, for damages for a refusal to prosecute the claim on it, by reason of which it was lost.

ERROR to the common pleas of *Dauphin* county.

Charles Mann against George Bower. This suit originated before a justice of the peace, and was brought into the common pleas by appeal.

[Mann v. Bower.]

The plaintiff, to maintain his action, made the following offer:

" To prove that on the 10th day of May 1833, John C. Kettleman executed two promissory notes to George Bower and Charles Mann, one for 60 dollars, payable in thirty days; and the other for 80 dollars, payable in sixty days, and delivered the same to the said George Bower for himself and the said Charles Mann, who had been dealing as partners in a single transaction; that, after the said notes fell due, the said Mann required Bower, who had possession of the notes, to collect the same, which the said Bower refused to do, alleging, at the same time, that the said Kettleman was worth thousands of dollars—that at this time the said Kettleman was considered and generally understood to be in failing circumstances—that upon the refusal of the said Bower to collect the amount of said notes, the said Charles Mann requested Bower to pay him thirty dollars, which he claimed out of the notes, or else deliver them up to him that he might collect the money on them; that the said Bower positively refused to give up the notes to Mann that he might collect them, and that the said George Bower had the notes in his possession in the year 1837, without having attempted to collect them."

The defendant objected to the evidence on the ground, that if given, it established a cause of action of which a justice of the peace would have no jurisdiction; and the court (Blythe, president) rejected the evidence.

*Alricks*, for plaintiff in error, cited 2 *Watts* 86; 3 *Blac. Com.* 159, 163; *Chit. on Con.* 5; 7 *Watts* 175, 542.

*McCormick*, contra, cited 2 *Penn. Rep.* 293; 6 *Watts* 386.

Per Curiam.—There is no colour of contract betwixt the parties to give jurisdiction to a justice of the peace. The party's remedy, if he has any, is a special action on the case.

Judgment affirmed.